PER CURIAM.
Appellant Bobby L. Rease filed a motion under Florida Rule of Criminal Procedure 3.850 contending that it was error for the trial court to impose sentence without having a scoresheet prepared. The trial court denied relief stating:
The court having reviewed the records pertaining hereto finds that the sentence imposed was stipulated to by the State and the Defense at which time the score-sheet had been prepared and was available to all parties concerned at the time of sentencing.
(R. 23). The portion of the transcript attached to the order does not reflect that appellant agreed to the imposition of ten years incarceration, but only that he agreed to a guidelines sentence on the assumption that the scoresheet calculation called for ten years. No scoresheet was attached to the final order, however, and a letter to appellant from his trial counsel states that a guidelines’ scoresheet was never prepared.
In his motion, Rease did not allege that the lack of a scoresheet resulted in an illegal sentence, he merely alleged that the trial court erred in not having a scoresheet available at sentencing. It was not until Rease filed his reply brief, in response to the state’s contention that he failed to show his sentence was incorrectly calculated and resulted in the imposition of a longer sentence, that he alleged that he was prejudiced by the lack of a guidelines’ scoresheet. In his reply brief Rease argues that, based on a properly calculated scoresheet, his sentence should have been in the 5¾⅛ to 7 years range instead of 10 years, so that he is in fact serving a longer sentence than he should be under the guidelines.
Appellant’s motion is cognizable under rule 3.850, but is facially insufficient because it does not allege the facts and arguments contained in the reply brief. Since these allegations were never presented to the trial court we will not consider them for the first time on appeal. The order denying appellant’s 3.850 motion is therefore affirmed without prejudice to appellant’s filing a proper motion containing allegations sufficient to satisfy the requirements of that rule.
AFFIRMED.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.